UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:23-cv-60292-WILLIAMS

UNITED STATES OF AMERICA,
*ex rel.*
 RELATOR LLC,
 a California limited liability company,

  Plaintiff/Relator,

 v.

MICHAEL R. DAYHOFF, an individual,
JJ SEHLKE, an individual,
CORAL RIDGE GOLF COURSE INC., a
Florida profit corporation, and DOES 1-10,

  Defendants.

### UNITED STATES OF AMERICA'S MOTION TO DISMISS THIS ACTION PURSUANT TO 31 U.S.C. § 3730(c)(2)(A)

The United States of America, having intervened in this action (D.E. 19), pursuant to the Government's statutory authority provided in 31 U.S.C. § 3730(c)(2)(A), moves for the Court's entry of an order dismissing with prejudice "Relator's Complaint for Violations of the Federal False Claims Act" (D.E. 1) ("Complaint"). Because the Defendants have neither served an answer nor moved for summary judgment, the United States is entitled to dismissal of Relator's Complaint under *United States ex rel. Polansky v. Executive Health Resources, Inc.*, 143 S. Ct. 1720 (2023) and the applicable legal standard of Federal Rule of Civil Procedure 41(a)(1).

### MEMORANDUM OF LAW

I.  **Background**

   A.  **False Claims Act**

The False Claims Act ("FCA") prohibits fraudulent conduct in connection with federal programs, including the knowing submission of false claims for payment to the government. See 31 U.S.C. § 3729(a)(1)(A). In these circumstances, liability may attach if the omission renders those representations misleading. The FCA imposes civil liability on any person who, among other things:

> (A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;
>
> (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim . . .

31 U.S.C. § 3729(a)(1)(A) & (B). Civil suits to enforce the FCA may be brought either by the Attorney General, *id.* § 3730(a), or by a private person who files suit "for the person and for the United States Government" in the name of the United States, *id.* § 3730(b)(l). The private person is known as a "relator," and the suit is called a *qui tam* action. *Id.; Polansky*, 599 U.S. at 423, 425.

The FCA provides that the United States shall either elect to intervene in the *qui tam* action, and take over the litigation, or decline intervention, thus allowing the relator to conduct the action. 31 U.S.C. § 3730(b)(4). When the United States intervenes, although the relator remains a nominal party, the Government assumes "the primary responsibility for prosecuting the action" and is not bound by any act of the relator. *See id.* at § 3730(c)(1). As the party with primary responsibility over the action, the United States may proceed with the action, settle the case over the relator's objection, *id.* at § 3730(c)(2)(B), or dismiss the case over the relator's objection, *id.* at § 3730(c)(2)(A). If the United States elects to decline to intervene, "the person bringing the action shall have the right to conduct the action." *Id.* at § 3730(b)(4). But even after initially declining to intervene, the United States may still later intervene for "good cause," in which case it then assumes primary responsibility for the action and assumes all of the same rights described above. *See id.* at 3730(c)(3); *Polansky*, 599 U.S. at 430–31. If a *qui tam* action results in a monetary recovery, the relator may seek a share of that recovery. 31 U.S.C. § 3730(d). However, the United States is entitled to "the lion's share of the recovery." *Polansky*, 599 U.S. at 425. This is because "the injury [*qui tam* actions] assert is exclusively to the Government." *Polansky*, 599 U.S. at 425; *accord United States ex rel. Carver v. Physicians Pain Specialists of Alabama, P.C.*, No. 22-13608, 2023 WL 4853328, at *1 (11th Cir. July 31, 2023).

    **B.**    <u>Relator LLC's *Qui Tam* Complaint</u>

On February 14, 2023, the relator, Relator LLC, a California limited liability company, filed its Complaint under the *qui tam* provisions of the FCA. Relator LLC asserted here that Defendants — Coral Ridge Golf Course, Inc. ("Coral Ridge") and two individuals

who Relator alleged served in Coral Ridge's leadership, Michael R. Dayhoff and JJ Sehlke, as well, "Doe Defendants 1-10" — violated the FCA when Coral Ridge applied for a loan under the Paycheck Protection Program ("PPP") loan and forgiveness of that loan.

Congress created the PPP as part of the Coronavirus Aid, Relief, and Economic Security Act ("the CARES Act"), Pub. L. 116-136 (March 27, 2020), which modified section 7(a) of the Small Business Act and established a new loan program to assist small businesses nationwide adversely impacted by the COVID-19 emergency. The PPP was intended to bring economic relief to eligible small businesses by providing loans that are fully guaranteed the U.S. Small Business Administration ("SBA") and can be used to fund payroll, rent, utility payments, and other limited uses. The CARES Act authorized the SBA to forgive PPP loans if all employee retention criteria are met, and the funds are used for eligible expenses. Depending on their use of the loan proceeds, borrowers could qualify for loan forgiveness, up to the full amount of the loan.

The SBA delegated authority to third-party lenders to underwrite and approve the PPP loans. To obtain a PPP loan, a qualifying business (through its authorized representative) signed and submitted a PPP loan application (SBA Form 2483) online through the lender's application platform. The PPP loan application (SBA Form 2483) required the business (through its authorized representative) to acknowledge the PPP program rules and make certain affirmative certifications to be eligible to obtain the PPP loan. Once the Borrower submitted its PPP loan application (SBA Form 2483) to a Lender, the participating lender processed the PPP loan application. If a PPP loan application (SBA Form 2483) was approved by the participating lender, the lender submitted the application to SBA for an SBA loan number and after receiving that number it thereafter funded the PPP loan using its own monies, which were 100% guaranteed by the SBA.

Here, Relator LLC alleges that Coral Ridge, through its leadership, knowingly and falsely, certified that Coral Ridge, the Defendant country club, was eligible for a PPP loan when it was not. Relator LLC alleges two reasons for Coral Ridge's ineligibility. First, Relator LLC asserts that Defendants falsely certified that then existing economic uncertainty made the PPP loan request necessary to support the ongoing operations of the entity. *See generally* Complaint, D.E. 1 at ¶¶ 8, 33, 48. Put simply, according to Relator LLC, "[t]he PPP Loan was not necessary to support the ongoing operations of [Coral Ridge]" and Defendants "did

not need the money." *Id*. at ¶¶ 48 and 8. Second, Relator LLC avers that "private clubs [such as Coral Ridge] that limit the number of memberships for reasons other than capacity are ineligible to receive PPP loans." *See* Complaint, D.E. 1 at ¶¶ 1, 2,3, 5 and 41-43. Relator LLC charges: "If a club is excluding people because of the way they look, their race, their religion, their background, their wealth, their political affiliation, where they live, their stature in the community, their background or for any other reason apart from capacity, then they are not allowed to have the American Taxpayer fund their business." *Id*. Relator contends that each defendant falsely certified that the club (here, Coral Ridge) was eligible to receive a PPP loan under the SBA rules in effect at the time that the respective PPP loan and PPP loan forgiveness applications were submitted to the respective lenders who approved the PPP loans and who first processed forgiveness applications. Relator LLC also contends that because Coral Ridge was never eligible for a PPP loan, the Defendants made false certifications with respect to compliance with legal requirements for use of the loan proceeds. See Complaint, D.E. 1 at ¶¶ 47, 51.

      C.    **The Government's Intervention**

The United States conducted an extensive investigation of Relator LLC's allegations and, for the reasons identified below, has determined that dismissal of those allegations is warranted. Prior to the November 30, 2023 expiration of the seal and intervention election decision deadline, the undersigned Assistant United States Attorney reviewed with counsel for Relator LLC the findings of the United States' investigation. On November 30, 2023, the United States filed its Notice of Election to Intervene. D.E. 19. In that Notice, the United States specifically reserved the right to dismiss Relator's action under 31 U.S.C. § 3730(c)(2)(A). *See* D.E. 19. Counsel for the United States engaged in further communications with counsel for Relator LLC prior to filing this motion.

II.    **Argument**

      A.    **Legal Standard for the United States to Dismiss Relator's *Qui Tam* Action**

As noted above, when the United States intervenes in a *qui tam* action, it takes over primary responsibility for the matter. One action the Government may take after intervening is to dismiss the *qui tam* action. The FCA authorizes the United States to dismiss such an action, even if the relator objects: "The Government may dismiss the action notwithstanding

the objections of the person initiating the action if the person has been notified by the Government of the filing of the motion and the court has provided the person with an opportunity for a hearing on the motion." 31 U.S.C. § 3730(c)(2)(A).

The Supreme Court's recent decision in *Polansky* held that district courts should apply the standard of Federal Rule of Civil Procedure 41(a) when evaluating a motion to dismiss under section 3730(c)(2)(A) *Polansky*, 599 U.S. at 424 ("We also hold that in handling such a motion, district courts should apply the rule generally governing voluntary dismissal of suits: Federal Rule of Civil Procedure 41(a)."). If the United States moves to dismiss before the defendant has served an answer or a motion for summary judgment, as the United States is doing here, then under Rule 41(a)(1) the district court "has no adjudicatory role" other than to dismiss the action. *Polansky*, 599 U.S. at 436 n. 4.

Under § 3730(c)(2)(A), when the Government moves to dismiss, the relator is entitled to notice and an opportunity for a hearing on the Government's motion. In *Polansky*, the Supreme Court addressed how to reconcile the relator's right to a hearing with the fact that the district court has no adjudicatory role under Rule 41(a)(1) other than to grant the Government's motion to dismiss when dismissal is sought before the defendant files an answer or a motion for summary judgment. The Supreme Court, citing the Third Circuit's opinion from which certiorari was granted, suggested that a hearing might inquire into any allegations that a dismissal "violate[s] the relator's rights to due process or equal protection." *Polansky*, 599 U.S. at 436 n. 4. Consistent with Rule 41(a)(1), however, the Supreme Court was careful to emphasize that in the absence of any constitutional violations, the district court must grant a motion to dismiss under § 3730(c)(2)(A) where, as here, the Government files such a motion prior to any answer or motion for summary judgment. *Id.* at 435 ("If the defendant has not yet served an answer or summary judgment motion, the plaintiff need only file a notice of dismissal").[1]

---

[1] In cases where the defendant has already answered or moved for summary judgment (unlike the current case where no answer, responsive pleading, or motion for summary judgment has been filed), dismissal is governed by Rule 41(a)(2), as opposed to Rule 41(a)(1). Under Rule 41(a)(2) dismissal still is warranted where the Government provides reasonable basis for dismissal. As *Polansky* explained: "the Government's motion to dismiss [under section 3730(c)(2)(A) *will satisfy Rule 41[(a)(2)] in all but the most exceptional cases*," and while the "inquiry is necessarily contextual, . . . *the Government's views are entitled*

## B. The United States Is Entitled to Dismiss Relator's *Qui Tam* Action

After a detailed, substantial multi-month, investigation of Relator LLC's allegations, the Government determined that Relator LLC's factual allegations against the Defendants in this case are meritless. As to Relator's theory of false certification of economic necessity, as a result of the COVID-19 pandemic, Defendants presented to the Government, evidence that Coral Ridge's golf course, tennis courts, clubhouse, restaurant, and swimming pool were either closed or doing business at reduced capacity due to government regulation. Defendants also presented evidence that under the SBA guidance at the time of application for the PPP loan, based upon advice Coral Ridge obtained from its accountants and advisors, Coral Ridge's management determined that the PPP loan was necessary to protect its employees from suffering a loss of income due to being furloughed, having their hours reduced or being terminated and that Coral Ridge was eligible for the PPP loan. As to Relator's theory that Coral Ridge was ineligible for a PPP loan because it is a private club that restricts membership for reasons other than "capacity" in violation of 13 C.F.R. §120.110 (i), Defendants produced credible evidence to the Government in the form of documents and sworn interrogatories which refute this allegation.[2] Thus, the United States has determined that dismissal is

---

*to substantial deference*" and "a district court should think several times over before denying a motion to dismiss. If the Government offers a reasonable argument for why the burdens of continued litigation outweigh its benefits, *the court should grant the motion . . . even if the relator presents a credible assessment to the contrary*." *Polansky*, 599 U.S. at 437-38 (emphasis added).

[2]  During its investigation, the United States discovered that Coral Ridge properly and truthfully disclosed on its PPP application it had a relationship in management with other entities and identified those entities in its PPP application. Those entities are in the automobile business. The Paycheck Protection Program excluded from the SBA's "Affiliation" regulations, entities operating under franchises listed on the SBA Franchise Directory with Franchise Identifier Codes ("FIC"). Investigation revealed the related automobile dealership entities with FICs were exempted from the SBA's affiliation rules under the PPP's exception; however, Coral Ridge did not qualify for the exemption. The investigation further revealed that Coral Ridge believed that the SBA affiliation rules were complex, subject to interpretation, and that as a result of its misunderstanding, Coral Ridge did not believe its affiliation of management or affiliation of ownership met the level for its affiliation with the related entities, to render it ineligible for Coral Ridge's PPP loan. Notwithstanding, Coral Ridge did truthfully disclose it was related to other entities in its PPP application. As a result of its investigation independent of Relator LLC's claims which made no assertion of ineligibility due to affiliation, the United States determined

commensurate with the public interest and that the matter does not warrant the continued expenditure of government resources to pursue or monitor the action.

As noted, the United States has intervened in this *qui tam* action. *See* D.E. 19. Defendants have served neither an answer nor a motion for summary judgment. Under Polansky and Rule 41(a)(1), the United States is entitled to dismiss this action pursuant to 31 U.S.C. § 3730(c)(2)(A).

### III.   Conclusion

The United States has determined that dismissal is commensurate with the public interest and that the matter does not warrant the continued expenditure of government resources to pursue or monitor the action. For the reasons set forth above, the United States requests the Court to enter an order dismissing Relator LLC's *qui tam* action with prejudice.

Dated: December 20, 2023         Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_____
**James A. Weinkle**
Florida Bar No. 0710891
**Assistant United States Attorney**
Email: **James.Weinkle@usdoj.gov**
**Office of the United States Attorney**
Alto Lee Adams Federal Courthouse
101 South U.S. Highway One, Suite 3100
Fort Pierce, FL 34950
Telephone: 772-293-0945 (Direct)
**Counsel for United States of America**

---

that based on Coral Ridge's affiliation with the related entities, Coral Ridge's size (which necessarily had to include the related entities under SBA's affiliation rules pertaining to PPP loans), exceeded the permissible number of employees to qualify as an eligible small business for purposes of the PPP. As a result of discussions with counsel for Coral Ridge, Coral Ridge voluntarily refunded directly to the SBA, the full amount of the loan, with accrued interest, and the amount of the lender fee.