UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:23-cv-60292-WILLIAMS

UNITED STATES OF AMERICA,
*ex rel.*
  RELATOR LLC,
  a California limited liability company,
    Plaintiff/Relator,

  v.

MICHAEL R. DAYHOFF, an individual,
JJ SEHLKE, an individual,
CORAL RIDGE GOLF COURSE INC., a
Florida profit corporation, and DOES 1-10,
   Defendants.

**UNITED STATES OF AMERICA'S REPLY TO RELATOR LLC'S OPPOSITION TO MOTION TO DISMISS THIS ACTION PURSUANT TO 31 U.S.C. § 3730(c)(2)(A)**

The United States of America replies to Relator LLC's Opposition to the United States of America's Motion to Dismiss this Action Pursuant to 31 U.S.C. § 3730(c)(2)(A) (DE 25).

Relator LLC's Opposition misconstrues the facts, misunderstands the legal standard for the United States to dismiss this *qui tam* action in which a response to the complaint has not been filed, and because of these deficiencies, seeks to apply the wrong statutory provision to demand a fairness hearing to which it is not entitled.

**A. Relator LLC's Contention that 31 U.S.C. §3730(c)(2)(B) Applies Is Erroneous**

At the outset, the United States must correct Relator LLC's erroneous assertion that there was a "resolution and settlement of Relator LLC's claims including recovery of the loan amount without any penalties or statutory treble damages," and therefore the Government's dismissal motion under 31 U.S.C. § 3730(c)(2)(A) should "be evaluated under section 3730(c)(2)(B)." Relator LLC's Opposition, DE 25 at 5, 8. Relator LLC's assertion is based on a misstatement of the facts and incorrect application of the law.

Relator LLC erroneously contends that because Defendant Coral Ridge Golf Course Inc. ("Coral Ridge") repaid its Paycheck Protection Program (PPP) loan, along with interest and the loan processing fee, after the Government advised Defendants of the *qui tam* action and the Government's findings following its investigation, "[t]he payment therefore resolved, i.e., settled, Relator's claims." Relator LLC's Opposition, DE 25 at 8. This assertion is

incorrect.

Coral Ridge voluntarily refunded the loan, interest, and loan processing fee, and the payment was not related to any administrative or other proceeding initiated by the Government; there is no written settlement agreement between the United States and Coral Ridge or any of the Defendants; and the United States did not agree that the payment would resolve or result in the release of any False Claims Act or other fraud-related claim. Moreover, the repayment was not made in consideration for dismissal of the Relator LLC's *qui tam* action. Counsel for the United States informed Relator LLC's counsel of these facts both before and after the United States filed its Intervention Election Notice (DE 20) on November 30, 2023, and its Motion to Dismiss (DE 22) on December 20, 2023.

Despite knowledge of these facts, Relator LLC asserts that the United States' motion to dismiss "involves a settlement, not mere dismissal," and that the Court must determine whether "the proposed settlement is fair, adequate, and reasonable under all the circumstances" pursuant to 31 U.S.C. § 3730(c)(2)(B). Relator LLC's Opposition, DE 25 at 7. Relator LLC is wrong that section 3730(c)(2)(B) applies here. That provision provides: "[t]he Government ***may settle the action*** with the defendant notwithstanding the objections of the person initiating the action if the court determines, after a hearing, that the proposed settlement is fair, adequate, and reasonable under all the circumstances." 31 U.S.C. § 3730(c)(2)(B) (emphasis added). Importantly, the Government did not settle this action with the Defendants. As noted above, there was no agreement to settle this action. And as discussed in the United States' Motion to Dismiss, Coral Ridge's voluntary repayment was the result of Coral Ridge being notified that it was ineligible for the PPP loan based on its affiliation with other entities, which it truthfully disclosed in its PPP loan application. Motion to Dismiss, DE 22 at 6 n.2. Relator LLC's complaint did not allege any facts relating to a lack of eligibility based on the Small Business Administration's (SBA's) affiliation rules. *Id.*[1]

Since the Government did not settle this action with any of the Defendants, section

---

[1] The United States reserves its rights to oppose any motion that Relator LLC may file seeking a "relator's share" or "finder's fee" of the voluntary repayment by Coral Ridge. Relator LLC has indicated it will file such a motion, but has not yet done so. The United States therefore does not address in this Reply, at this stage, any assertion Relator LLC makes, or may make in a subsequent motion, as to entitlement to a share of the voluntary repayment.

3730(c)(2)(B) is simply inapplicable. The only applicable statute here is 31 U.S.C. § 3730(c)(2)(A). And the only applicable legal standard is Federal Rule of Civil Procedure 41(a)(1), as set forth by the Supreme Court in *United States, ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419 (2023). The Government's motion and this reply meet that burden.

### B. Relator LLC Misunderstands The Standard For Dismissal Under *Polansky*

As the United States previously noted, in cases where the Government moves to dismiss a *qui tam* action before the defendant has served an answer or a motion for summary judgment, the district court should apply the standard set forth in Rule 41(a)(1), and the court "has no adjudicatory role" other than to dismiss the action. *Polansky*, 599 U.S. at 436 n. 4. Relator LLC, however, confuses the holding in *Polansky* and makes arguments based on the standard in Rule 41(a)(2), which governs cases where the defendant has already answered or moved for summary judgment. In fact, most of the cases upon which Relator LLC relies are inapposite because in those cases, including *Polanksy* itself, the defendants had already answered or moved for summary judgment and some involved years of litigation (unlike the current case where no answer, responsive pleading, or motion for summary judgment has been filed). *See* Relator LLC's Opposition, DE 25 at 14-16; *see also Polansky*, 599 U.S. at 430 (noting that "the Government declined to intervene during the seal period [and] [t]he case then spent years in discovery."); *United States ex rel. Carver v. Physicians Pain Specialists of Alabama, P.C.,* No. 22-13608, 2023 WL 4853328 at *1-4 (11th Cir. July 31, 2023) (relator assumed responsibility for litigating declined *qui tam* case for years before government moved to dismiss); *United States ex rel. USN4U, LLC v. Wolf Creek Fed. Svcs.*, No. 1:17-cv-0558, 2023 WL 8480085 at *1 (N.D. Ohio December 7, 2023) (describing history of declined *qui tam* case that included initial dismissal on defendant's motion, appeal, and remand). In these cases, dismissal was governed by Rule 41(a)(2), as opposed to Rule 41(a)(1).[2] Under Rule 41(a)(2),

---

[2] Relator LLC also cites to *Brutus Trading, LLC v. Standard Chtd. Bank*, No. 20-2578, 2023 WL 5344973, at *2 (2d Cir. Aug. 21, 2023) as an example of a case following *Polansky* that "granted dismissal only after the government presented concrete evidence of the burdens on the government, that the claims lacked merit, and/or that the relator had engaged in dilatory conduct or failed to prosecute the action." Relator LLC's Opposition, DE 25, at 15-16. This is incorrect. In *Brutus Trading*, the United States' motion to dismiss was fully briefed and decided by the district court prior to the Supreme Court's decision in *Polansky*, and the references to the Government's reasons for dismissal noted by Relator LLC were

dismissal still is warranted where the Government provides a reasonable basis for dismissal. As *Polansky* explained: "the Government's motion to dismiss [under section 3730(c)(2)(A) will satisfy Rule 41[(a)(2)] in all but the most exceptional cases," and while the "inquiry is necessarily contextual, . . . the Government's views are entitled to substantial deference" and "a district court should think several times over before denying a motion to dismiss. *Polansky*, 599 U.S. at 437-38; *accord Carver*, 2023 WL 4853328 at *6 (citing *Polansky*).

Relying on the incorrect standard and inapt caselaw, Relator LLC suggests that the United States is required to make a "detailed and substantiated showing" of evidence and the reasons supporting dismissal. Relator LLC's Opposition, DE 25 at 16. Relator LLC also incorrectly asserts that "in evaluating the motion, the court must consider both the government's interests in being burdened by further litigation and discovery, and those of the relator, including its desire to proceed with a potentially meritorious claim and its expenditure of resources." *Id.* at 13. Importantly, Relator LLC ignores the Supreme Court's directive in *Polansky* that if the United States moves to dismiss before the defendant has served an answer or a motion for summary judgment, as the United States is doing here, then under Rule 41(a)(1), the district court "has no adjudicatory role" other than to dismiss the action. *Polansky*, 599 U.S. at 436 n. 4.

Because a relator is entitled to notice and an opportunity for hearing when the Government moves to dismiss under § 3730(c)(2)(A), the Supreme Court reconciled the relator's right to a hearing with the fact that the district court has no adjudicatory role under Rule 41(a)(1) by suggesting that a hearing might inquire into any allegations that a dismissal "violate[s] the relator's rights to due process or equal protection." *Polansky*, 599 U.S. at 436 n. 4. Consistent with Rule 41(a)(1), however, the Supreme Court emphasized that in the absence of any constitutional violations, the district court must grant a motion to dismiss

---

presented to the district court before the *Polansky* decision. *See Brutus Trading*, 2023 WL 5344973, at *1 (noting that appeal was pending and "held in abeyance pending the Supreme Court's decision in *Polansky*."). Following *Polansky*, the Second Circuit did not affirm the decision because the Government had provided concrete evidence of the reasons for its dismissal, but rather based on the Second Circuit's application of Rule 41(a)(1) since the defendant had not served an answer or motion for summary judgment. *Id.* at *2 (citing *Polansky* and noting that "[i]n this context, a movant – typically the plaintiff who commenced the action – is usually 'entitle[d] … to a dismissal; the district court has no adjudicatory role.'").

-4-

under § 3730(c)(2)(A) where, as here, the Government files such a motion prior to any answer or motion for summary judgment. *Id.* at 435 ("If the defendant has not yet served an answer or summary judgment motion, the plaintiff need only file a notice of dismissal"); *accord Brutus Trading, LLC*, 2023 WL 5344973, at *2 (applying Rule 41(a)(1) to government's motion to dismiss and holding that "the district court met the hearing requirement by carefully considering the parties' written submissions.").

Relator LLC has not raised any constitutional violations or alleged that dismissal violates its rights to due process or equal protection. At most, Relator LLC asserts that it made a "significant expenditure of time and money" in its efforts to bring this case and that its principals are "lawyers who owned and operated a small business but did not seek a PPP loan." Relator LLC's Opposition, DE 25 at 16. However, Relator LLC makes these points to underscore its "strong interest" in pursuing the action and "ensuring their taxpayer dollars are not wasted on hand-outs to restrictive private clubs and other ineligible businesses." *Id.* This showing does not rise to the level of constitutional considerations contemplated by *Polansky*, and in the absence of any constitutional violations, the Court must grant the United States' motion to dismiss.

### C. Relator LLC Is Not Entitled to the United States' Investigatory Materials or Discovery

Throughout its Opposition, Relator LLC suggests that the United States is required to present it and the Court with evidence proving up the Government's view of the case. This is incorrect. As noted above, nothing in *Polansky* or Rule 41(a) requires such a showing by the Government, especially in cases where Rule 41(a)(1) is the applicable standard of review. Moreover, *Polansky* recognized that, even cases where Rule 41(a)(2) applies, and the United States must provide a reasonable ground for dismissal that the court considers proper, a relator's "competing assessment" of the case, is not sufficient to defeat the government's motion to dismiss. *Polansky*, 599 U.S. at 437-38.

Here, counsel for the United States conferred with Relator LLC's counsel by phone, videoconference, and email regarding the outcome of the Government's investigation on several occasions. On November 28, 2023, counsel for the United States discussed in sufficient detail the Government's findings and the lack of evidence to support the two false claims theories brought by Relator LLC (economic necessity and limitation of membership

for reasons other than capacity), including for example, the document provided to the Government by Relator LLC from Coral Ridge's website indicating the Club was at capacity and not accepting new members, which is attached to Relator LLC's Opposition. DE 25-2 at 3. During this conference, Relator LLC's counsel requested that the United States share documents Defendants produced confidentially in response to a Civil Investigative Demand issued pursuant to 31 U.S.C. § 3733, and counsel for the United States advised that the Government could not produce such documents.

On December 20, 2023, Relator LLC again requested the documents produced by Defendants in response to the CID, and the United States explained that it could not accommodate the request. Counsel for the United States advised that the False Claims Act's CID provision provides that:

> Any information obtained by the Attorney General or a designee of the Attorney General under this section may be shared with any *qui tam* relator *if* the Attorney General or designee determine it is necessary as part of any false claims act[] investigation.

31 U.S.C. § 3733 (a)(1) (emphasis added). As counsel for the United States explained to Relator LLC's counsel, the statute does not require the Attorney General or designee to share with a relator information the Government obtains during an investigation. Rather, the statute provides the Attorney General or designee the discretion to share information obtained in response to a CID, if the Attorney General or designee has made a determination that sharing such information is necessary as part of the United States' investigation. Because no such determination was made in this case, counsel for the United States was not authorized to disclose the materials to Relator LLC or Relator LLC's counsel, and because Relator LLC did not have unique expertise or insider knowledge of Coral Ridge's business operations, there was no need to request such authorization.

Relator LLC now "requests that any evidence be ordered filed under seal and disclosed in camera before ruling on this motion . . . ." Relator LLC's Opposition, DE 25 at 9. The United States opposes this request. The Court does not need to review the underlying evidence to rule on a motion to dismiss under section 3730(c)(2)(A). The Government is not required to show that its assessment of the case is better or more persuasive than Relator LLC's "competing assessment." *Polansky*, 599 U.S. at 438. Moreover, "the Government's views are entitled to substantial deference" because "[a] *qui tam* suit . . . is on behalf of and in the name

-6-

of the Government . . . [and] alleges injury to the Government alone." *Id.* at 437.

### Conclusion

Relator LLC has raised a number of arguments about why it should be permitted to pursue this *qui tam* action. However, at this stage of the proceedings, the Government's motion to dismiss should be granted unless Relator LLC has raised a credible constitutional violation, **which Relator LLC has not done**. For the reasons set forth above, the United States requests the Court to dismiss this *qui tam* action in accordance with 31 U.S.C. § 3730(c)(2)(A).

| | |
|---|---|
| **Dated: January 10, 2024** | Respectfully submitted,<br><br>**MARKENZY LAPOINTE**<br>**UNITED STATES ATTORNEY**<br><br>James A. Weinkle *Digitally signed by James A. Weinkle Date: 2024.01.10 13:51:35 -05'00'*<br>_____<br>**James A. Weinkle**<br>Florida Bar No. 0710891<br>**Assistant United States Attorney**<br>Email: James.Weinkle@usdoj.gov<br>**Office of the United States Attorney**<br>Alto Lee Adams Federal Courthouse<br>101 South U.S. Highway One, Suite 3100<br>Fort Pierce, FL 34950<br>Telephone: 772-293-0945 (Direct)<br><br>**Counsel for United States of America** |